IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

03 AUG 25  PM 12: 39
U.S. DI... ...
N D. OF AL ...

| | |
|---|---|
| LARRY J. BRATTON, | ) |
| Petitioner, | ) |
| v. | ) CV 02-J-1582-W |
| WARDEN STEPHEN BULLARD and THE ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) |
| Respondents. | ) |

ENTERED
AUG 2 5 2003

## MEMORANDUM OPINION

On July 25, 2003, the magistrate judge assigned this application for a writ of habeas corpus recommended that the same be denied because the petitioner's claims are procedurally barred. (Doc. 14). The petitioner has filed objections asserting that his claims are not barred from review because (1) the Alabama Court of Criminal Appeals addressed his first claim on the merits and (2) his failure to raise his remaining claims with the Alabama Supreme Court was due to the fact that the prison library did not have a copy of the *O'Sullivan v. Boerckel*[1] decision until approximately two years after the decision. (Doc. 15).

In *Marek v. Singletary*, 62 F.3d 1295, 1301-02 (11th Cir. 1995), *cert. denied*, 511 U.S. 1100, 114 S. Ct. 1869, 128 L. Ed. 2d 490 (1994), the Eleventh Circuit Court of Appeals stated:

> . . . . If the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests upon a state procedural bar, then the federal court may be barred from considering that claim. *Id.* at 263, 109 S. Ct. at 1043. "However, should a state court reach the merits of a claim notwithstanding a procedural default, the federal habeas court is not precluded from considering

---

[1] In *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999), the Supreme Court held that a federal habeas corpus petitioner is required to seek discretionary review in the State's highest court before filing his petition in federal court.



the merits of the claim." *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.), *cert. denied*, 513 U.S. 1061, 115 S. Ct. 673, 130 L. Ed. 2d 606 (1994). When a state court addresses both the independent state procedural ground and the merits of the federal constitutional claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim. *Id.*

Although the petitioner is correct that the Alabama Court of Criminal Appeals did alternatively address his first claim on the merits, the court clearly stated before that analysis that his claim was not properly raised. (*See* Doc. 9, Ex. A at 4-5). Accordingly, this court should decline to address his first claim on the merits. Assuming *arguendo*, that the claim was properly preserved, this court agrees with the determination of the Alabama Court of Criminal Appeals that he is not entitled to any relief.[2]

To the extent that the petitioner argues that his remaining claims are not barred from review because his failure to raise them with the Alabama Supreme Court is attributable to the fact that the *O'Sullivan* decision was not available in the prison library is not persuasive. The holding in *O'Sullivan* was applied retrospectively. Thus, application in the present matter is appropriate.

The petitioner's reliance on the holding in *Easterwood v. Champion*, 213 F.3d 1321 (10th

---

[2] The Alabama Court of Criminal Appeals stated:

> Assuming arguendo that this issue was properly preserved, the appellant would not prevail on the merits. An initial appearance is required where a person arrested on a warrant issued upon a complaint remains incarcerated because he cannot meet the conditions of release provided on the warrant or if there are no conditions prescribed thereon. Rule 4.3(b)(2)(i), Ala. R. Crim. P. Here, the conditions of release were provided on the appellant's arrest warrant; however, because the appellant was already incarcerated in the penitentiary for another conviction when he was served with the warrant, these provisions were inapplicable. Furthermore, after the appellant's indictment and arraignment, his failure to receive an initial appearance on the original arrest upon a complaint became a moot issue. *Trammel v. State*, 43 Ala. App. 308, 189 So. 2d 760, 762 (1966). *See also Speers v. State*, 545 So. 2d 247, 250 (Ala. Cr. App. 1989)(holding that the remedy for illegal pretrial detention, other than pretrial release, may be the suppression of any evidence obtained as a result of that illegal detention - - not the dismissal of the charge against the accused). Likewise, the appellant's failure to receive a preliminary hearing became a moot issue after his indictment. *Goodwin v. State*, 495 So. 2d 731, 732 (Ala. Cr. App. 1986).

(Doc. 9, Ex. A at 5).

Cir. 2000), is misplaced. In *Easterwood*, the petitioner appealed to the Tenth Circuit Court of Appeals following the denial of his third habeas petition. The third petition was premised on a claim that the state's expert witness who testified at his trial regarding his competency was suffering from significant mental problems at the time of the giving of the testimony in his case. The petitioner did not raise the issue previously because he was unaware of the same. He discovered the deficiency after the Tenth Circuit issued an opinion in another case, *Williamson v. Ward*, 110 F.3d 1508 (10th Cir. 1997), "discuss[ing] the fact that in 1979, Dr. R.D. Garcia was suffering "from severe untreated bipolar disorder" which was possibly severe enough to "'impair and distort his diagnostic judgment.'" *Id*. at 1519 (citation omitted)." *Easterwood*, 213 F.3d at 1323. Within two months of discovering the issue by reading about the case in the prison library, the petitioner filed his application for leave to file a successive petition. The trial court dismissed the petition as being time barred. The Tenth Circuit reversed, holding that the time for filing this claim ran from the day the prison library received a copy of the *Williamson* case.

The holding in *Easterwood* was very fact-specific and is not applicable to the present situation. The petitioner could have sought certiorari review of all of his claims but chose not to do so. He is therefore now bound by his decision.

The court has considered the entire file in this action, including the Magistrate Judge's Report and Recommendation and the petitioner's objections, and has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accord with the recommendation, the petition is due to be dismissed with prejudice. An appropriate order will be

3

entered.

**DONE**, this __25__ day of August, 2003.

_____
**INGE P. JOHNSON**
United States District Judge